IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MYRIAM C. ORTIZ OLIVERAS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | CIVIL NO. 09-2210 (CVR) |
| THE UNITED STATES OF AMERICA <br><br> Third-party plaintiffs, <br><br> v. <br><br> DR. FRANCIS ZAYAS, <br> HOSPITAL METROPOLITANO DR. TITO MATTEI, <br><br> Third-party defendants. | |

**OPINION AND ORDER**

Plaintiffs Myriam C. Ortíz-Oliveras, Myriam Cintrón-Ortíz, Bryan A. Carbonell-Cintrón and Myriam I. Raffucci-Cintrón (hereinafter "plaintiffs") filed a claim against defendant the United States of America for damages which resulted from the death of Gilberto Cintrón-Antonsanti upon a medical procedure received from the Department of Veterans' Affairs at the Veterans' Administration Clinic in Ponce, Puerto Rico. (Docket No. 1).

Defendant the United States of America filed an Amended Third-Party Complaint as to Dr. Francis Zayas who performed the colonoscopy procedure on the deceased veteran

<u>Myriam C. Ortíz Oliveras, et al v. United States of America</u>
Civil No. 09-2210 (CVR)
Opinion and Order
**Page 2**

---

Gilberto Cintrón-Antonsanti in the event plaintiffs prevail in their claim. (Docket Nos. 37 and 53).[1]

On February 7, 2012, Dr. Francis Zayas filed a Motion for Summary Judgment. (Docket No. 62). On March 1, 2012, defendant United States filed a motion for joinder to above third-party defendants' request for summary judgment on grounds raised that plaintiffs do not have expert testimony to show a breach of the standard of care by defendants or the third-party defendant. (Docket No. 63).

To establish medical malpractice, plaintiffs must establish that the care afforded did not meet the professional requirements generally acknowledged in the medical profession. <u>Rodríguez Crespo v. Hernández</u>, 21 P.R. Offic. Trans. 637, 647, 121 D.P.R. 639 (1988). Since Puerto Rico law presumes that physicians exercise reasonable care, to establish a breach of duty of care plaintiffs ordinarily must adduce to expert testimony. In addition, in a medical malpractice case, plaintiffs must also causation, which can be established through expert testimony. *See* <u>Martínez-Serrano v. Quality Health Services of Puerto Rico, Inc.</u>, 568 F.3d 378 (1st Cir. 2009); <u>Cortés-Irizarry v. Corporación Insular de Seguros</u>, 111 F.3d 184 (1st Cir. 1997).

Plaintiffs filed their response in opposition to summary judgment submitting the instant action falls within the narrow exception to the general rule requiring expert testimony for the claim is one within the purview of common knowledge and experience as

---

[1] The previous Motion to Dismiss the Third-Party Complaint became moot upon the filing of the Amended Third Party Complaint.

---

to the standard of care.[2]  As such, a jury's own common sense could occasionally close the gap and establish that the care afforded did not meet minimal standards.  <u>Rodríguez-Díaz v. Seguros Triple-S, Inc.</u>, 636 F.3d 20, 23 (1st Cir. 2011).  Plaintiffs initially consulted with a gastroenterologist who is no longer available.  Plaintiffs aver in their opposition they already consulted with an expert physician and will present expert testimony in support of their claim.  Plaintiffs indicate they recently found a medical internist and will provide such medical expert to establish their claim.  (Docket No. 66).

Even though an internist is specialized in internal medicine, he/she is not necessarily specialized in gastroenterology which may be considered the line of expertise in this case inasmuch as the procedure at issue was a colonoscopy.  Still, the Court of Appeals for the First Circuit has indicated that a proffered expert who is not a specialist in a given field of medicine may still be a qualified expert for medical malpractice cases as discussed by Puerto Rico law.  Succinctly, a proffered expert physician need not be a specialist.  *See* <u>Gaydar v. Soc. Inst. Medico-Quirúrgico</u>, 345 F.3d 15 (1st Cir. 2003).[3]  Plaintiffs already proffered they will have a medical expert available to establish their claim.  An expert with appropriate credentials and foundation for his/her opinion must be allowed to present testimony as long as same has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the

---

[2] Although not in absolute terms as to the need of expert testimony to establish medical malpractice, the Court of Appeals for the First Circuit stated in <u>Rolón-Alvarado v. Municipality of San Juan</u>, 1 F.3d 74, 78 (1st Cir. 1993) that because medical knowledge and training are critical to demonstrating the parameters of a health-care provider's duty the minimum standard of acceptable care is almost always a matter of informed opinion.

[3] In <u>Gaydar</u> the district court exercised its discretion, and the Court of Appeals for the First Circuit affirmed, to admit the testimony of a medical expert upon the defendant's objection to exclude because the specialty was in a field other than gynecology or obstetrics.

evidence. *See* Cruz-Vázquez v. Mennonite General Hosp., Inc., 613 F.3d 54, 57 (1st Cir. 2010) (*citing* to Pages-Ramírez v. Ramírez-González, 605 F.3d 109, 113 (1st Cir. 2010)).

Defendants' request for summary disposition is premised solely and exclusively on plaintiffs' total lack of expert testimony to establish their cause of action. Having plaintiffs already indicated having a medical expert available,[4] the issue raised in the summary judgment request is considered moot. On due course, the court will entertain, if necessary, whether the proffered expert is qualified by knowledge, skill, experience, training, or education to offer said testimony.

In view of the foregoing, the Motion for Summary Judgment filed by third-party plaintiff Dr. Francis Zayas and the Motion for Joinder filed by the United States, both on grounds plaintiffs lack an expert to establish their claim, are now considered moot and are DENIED. (Docket Nos. 62 and 63).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of March of 2012.

                                              s/**CAMILLE L. VELEZ-RIVE**
                                              **CAMILLE L. VELEZ-RIVE**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

[4] Although the record shows discovery in the present case was due on February 3, 2012, the parties did not object plaintiffs' statement as to their expert evidence. There is also justification in the response as to why plaintiffs were unable to produce or announce their expert in advance. **Therefore, discovery may be extended solely as to expert report and the content of the testimony being produced which is to be produced by April 13, 2012.** *See* Curet-Velázquez v. ACEMLA de Puerto Rico, Inc., 656 F.3d 47 (1st Cir. 2011)(district court has discretion, within its pretrial management, to reopen discovery and order simultaneous disclose of expert reports). *See also* Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72 (1st Cir. 2009)(*citing* Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2003) (in reviewing whether district court abused its discretion by precluding the use of an expert because of timely discovery, the Appeal Court considers, among others, the litigation history, the party's need for the precluded evidence; party's justification or lack of one for late disclosure; opponent-party's ability to overcome late disclosure adverse effect and late disclosure impact on district court docket and case management).