IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MYRIAM C. ORTÍZ-OLIVERAS, et al, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CIVIL NO. 09-2210 (CVR) |

**ORDER**

Third-party defendant Dr. Francis Zayas filed a "Motion in Limine to Exclude Plaintiff's Expert Witness' Testimony as to the Alleged Breach of the Standard of Care by Dr. Francis Zayas under FRCP14(A)(1) and (3) Lopez v. Dr. Cañizares, 163 D.P.R. (2004) and Gaydar v. Instituto, 345 F.3d 15 (1st Cir. 2003) and Memorandum of Law in Support Thereof" (Docket No. 89) to exclude plaintiff's expert testimony, Dr. Nilda Hernández Almenas, on grounds that: (1) plaintiffs' expert is not a gastroenterologist but an infectologist; and (2) plaintiffs did not amend the complaint to bring claim as to this third-party defendant who was brought into the lawsuit by defendant the United States of America, Veterans' Administration.  (Docket No. 89).  Third-party co-defendant Yauco Health Care Corp. d/b/a Hospital Metropolitano Dr. Tito Matei then filed a motion for joinder of above mentioned motion in limine.  (Docket No. 95).  The joinder was granted. (Docket No. 96).

Third-party defendant Dr. Zayas also filed a "Motion in Limine to Exclude Plaintiffs' Expert Witness Medical Literature" (Docket No. 92) which the United States sought to join. (Docket No. 94). The joinder was granted.  (Docket No. 97).

Myriam C. Ortíz Oliveras et al v. United States
Civil No. 09-2210 (CVR)
Order
Page No. 2
_____

Finally, third-party defendant Dr. Zayas filed a third motion in limine, to wit, "Motion in Limine to Exclude Third Party Plaintiffs Veteran's Administration's Expert Witness Testimony as to the Alleged Bridge of the Standard of Care by Dr. Francis Zayas Under FRCP 26(a)(2)(B) and 26(e)(2)." (Docket No. 93).

Due to the proximity of the trial, we briefly rule on these motions in limine herein below without having the benefit of any oppositions.

## LEGAL ANALYSIS

I. **"Motion in Limine to Exclude Plaintiff's Expert Witness' Testimony as to the Alleged Breach of the Standard of Care by Dr. Francis Zayas under FRCP14(A)(1) and (3) Lopez v. Dr. Cañizares, 163 D.P.R. (2004) and Gaydar v. Instituto, 345 F.3d 15 (1st Cir. 2003) and Memorandum of Law in Support Thereof." (Docket No. 89).**

Third-party defendant Dr. Zayas seeks to exclude the testimony of plaintiffs' expert witness, Dr. Nilda Hernández Almenas, for she has no speciality in the field of gastroenterology. Plaintiffs' expert witness Dr. Hernández Almenas is an infectologist. To support this contention reference is made to Puerto Rico Supreme Court case López v. Dr. Cañizares, 163 D.P.R. 119 (2004) and Gaydar v. Instituto, 345 F.3 15 (1st Cir. 2003).[1]

Notwithstanding third-party defendant's averment, no specialty field is required for an expert witness. A proffered expert physician need not be a specialist in a particular medical discipline to render expert testimony relating to that discipline. The fact that the physician is not a specialist in the field in which he is giving his opinion affects not the

_____
[1] In fact, in Gaydar the Court of Appeals for the First Circuit found no abuse of discretion allowing expert testimony of a general practitioner, not a physician in the filed of gynecology or obstetrics which was the main issue in the malpractice case; "[t]he proffered expert physician need not be a specialist in a particular medical discipline to render expert testimony relating to that discipline." Gaydar, 345 F.3d at 24.

admissibility of his opinion but the weight the jury may place on it. *See* Fed.Rules Evid.Rule 702; Pages-Ramírez v. Ramírez-González, 605 F.3d 109 (1st Cir. 2010); Payton v. Abbott Labs, 780 F.2d 147 (1st Cir. 1985); Alvarado v. Weinberger, 511 F.2d 1046, 1049 (1st Cir. 1975). *See also* Mitchell v. United States, 141 F.3d 8 (1st Cir. 1998) (expert witness, who was internist with specialties in hematology and oncology, was qualified to testify as to physicians' treatment of colonoscopy patient on anticoagulant therapy in wrongful death action, even though expert was not specialist in gastroenterology, for the fact remains that gastroenterologists cannot close their eyes to the standard of care appropriate to other specialties when performing procedures within their own that impact upon other specialties). *See also* A. S. Klein, *Competency of general practitioner to testify as expert witness in action against specialist for medical malpractice*, 31 ALR3d 1163.

Third-party defendant Dr. Zayas also seeks to exclude plaintiffs' expert witness Dr. Hernández Almenas for plaintiffs did not bring suit against said third-party defendant Dr. Zayas by amending the complaint under Fed.R.Civ.P. 14(a)(1) and (3) after defendant United States filed against Dr. Zayas as third-party defendant.

A plaintiff is not required to bring a claim against the third-party defendant by an amendment under Fed.R.Civ.P. 14 in the present case. In fact, the notes to the rule state that it has been held that under Rule 14(a) a plaintiff need not amend his/her complaint to state a claim against such third party if he does not wish to do so.[2]

---

[2] The weight of authority is to the effect that a defendant cannot compel a plaintiff, who has sued him, to sue also a third party whom he does not wish to sue, by tendering in a third party complaint the third party as an additional defendant directly liable to the plaintiff. Bringing such an amendment as to a third-party defendant plaintiff did not originally sue would not cure defects in lack of jurisdiction, diversity problems or the claim being time barred between plaintiff and the third-party defendant. *See* Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 367-68, 98 S.Ct.

More so, had plaintiffs initially brought into the lawsuit as a direct defendant a contracting party of the United States (Veterans' Administration) such as Dr. Zayas, the United States would have sought dismissal for the physician would be covered by immunity from suit and the proper party would be the United States.

Still more, an amended claim as to said third-party defendant would not resolve the issue the original complaint was filed more than one-year from the alleged malpractice claim. Although Rule 14(a)(3) delineates the circumstances in which a plaintiff may assert claims against a newly added third-party defendant, it has nothing to say about whether such third-party claims would be considered timely. *See* D'Onofrio Constr. Co. v. Recon Co., 255 F.2d 904, 910 (1st Cir. 1958) (noting that "Rule 14 does not purport to deal with the statute of limitations"); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1459 (3d ed. 2010) ("The fact that [a] third party has been brought into the action does not revive any claims the original plaintiff may have had against the third party that should have been asserted earlier but have become unenforceable."). *See* Coons v. Industrial Knife Co., Inc., 620 F.3d 38 (1st Cir. 2010).

Moreover, in any case where a plaintiff could not have joined the third party originally because of jurisdictional limitations such as lack of diversity of citizenship, the

---

2396 (1978) (finding no basis for federal jurisdiction over the plaintiff's claim against the non-diverse party when an amended complaint was filed against a third-party defendant). In Owen, plaintiff amended her complaint to bring a state-law claim against a non-diverse third-party defendant who had been impleaded by the original defendant pursuant to Fed.R.Civ.P. 14(a). The Highest Court ruled there was no basis for jurisdiction for the amended complaint under R. 14(a) did not cure the fact of lack of diversity jurisdiction; *see also* American Fiber & Finishing, Inc. v. Tyco Healthcare Group LP., 362 F.3d 136 (1st Cir. 2004) (plaintiff amended complaint by adding or substituting a defendant would not grant federal jurisdiction even if present in the original complaint for just as a federal court cannot expand its jurisdictional horizon, parties cannot confer subject matter jurisdiction on a federal court "by indolence, oversight, acquiescence, or consent."

majority view is that any attempt by the plaintiff to amend his complaint and assert a claim against the impleaded third party would be unavailing. Notwithstanding, that the action against third-party defendant by plaintiff in main action would be barred by the statute of limitations does not preclude maintenance of third-party action for contribution from third-party defendant, such as the United States, third-party plaintiff against Dr. Zayas as an alleged joint tort-feasor.[3]

Thus, the third-party defendant Dr. Zayas' Motion in Limine to exclude plaintiff's expert witness Dr. Nilda Hernández Almenas is DENIED. (Docket No. 89). The same ruling applies to the third party co-defendant Yauco Health Care Corp. d/b/a/ Hospital Metropolitano's joinder on the issue herein raised. (Docket No. 95).

**II.   "Motion in Limine to Exclude Plaintiffs' Expert Witness Medical Literature." (Docket No. 92).**

Third-party defendant Dr. Zayas filed a second motion in limine titled "Motion in Limine to Exclude Plaintiff's Expert Witness' Medical Literature" to exclude publications by plaintiffs' expert, Dr. Nilda Hernández Almenas. (Docket No. 92). As grounds, third-party defendant refers the proposed articles do not relate to the standard of care for medical treatment by December 2004 when the events dealing with malpractice complaint occurred in the instant case.

---

[3] The parties have not argued ancillary claims being available for federal jurisdiction and we need not split hairs on said theories. Still, sometimes federal courts are permitted to entertain a *claim* or an *incidental proceeding* (not a *case* itself) that does *not* satisfy requirements of an independent basis of subject matter jurisdiction. Accordingly, by whatever name—ancillary, pendent, or supplemental—this form of jurisdiction cannot bring a case into federal court. Doing so can be justified only if that additional claim or related proceeding is so closely related to a case properly in federal court as to justify the conclusion that they are all part of a single case or controversy. 13 Fed. Prac. & Proc. Juris. § 3523 (3d ed.)

A physician is held to the standard of care and skill of the average practitioner of the medical specialty in question, taking into account the advances of the medical profession at time of alleged negligent act. *See* Heinrich v. Sweet, 308 F.3d 48 (1st Cir. 2002); Mitchell v. United States, 141 F.3d at 13. Publications were not considered relevant for expert's testimony when the publications became available only after treatments had been undertaken and was not on information that was available to neurosurgeon when he conducted treatments. Thus, Heinrich held expert's opinions resting on said particular data or publications would not support the expert witness' conclusions.

Third-party defendant Dr. Zayas refers to some of the publications not covering the particular time of December 2004 when the alleged malpractice took place. However, of the literature at issue, one deals with the year 2002, Elsen, On the Management of Anti-coagulation, which is two (2) years from the date of the events. Another covers the time from 1965 through 2010. If relevant, none of these two (2) publications need to be excluded at this juncture, for there is no need to pin point the standard of care precisely to particular month and year insofar as December 2004, but rather to a time reference that is relevant to the events and to any significant developments in the medicine field that could be related to such time frame. Only if there is simply too great an analytical gap between the data and the opinion proffered, an expert's testimony or publication should be excluded.

Insofar as the third publication mentioned at first glance same was published in 2007, for which it was not available within the reasonable time frame of the events in December of 2004 leading to this malpractice claim. Nonetheless, the Court has no

knowledge if the 2007 publication is a compilation, refers to a continuous and prevalent practice in the medicine field which is still valid or is mere a re-publishing. (Docket No. 92-1, p. 8). Thus, co-defendant Dr. Zayas has not placed the Court in a position at this time to make a ruling as to this specific publication.

Finally, reference is made by third-party defendant Dr. Zayas to some other assorted publications without any particularity and of another publication which is considered a repetition of one of the first three particularly objected by third-party defendant. If presented, a separate ruling as to such specific literature consonant with the above discussed, will be issued.

Defendant United States (Veterans' Administration) joined Dr. Zayas to exclude publications of plaintiff's expert witness Dr. Hernández Almenas. (Docket Nos. 94 and 97).

In view of the above, co-defendant Dr. Zayas "Motion in Limine to Exclude Plaintiff's Expert Witness' Medical Literature" (Docket No. 92) is DENIED without prejudice. The same ruling applies to the United States joinder. (Docket No. 94).

**III. "Motion in Limine to Exclude Third Party Plaintiffs Veteran's Administration's Expert Witness Testimony as to the Alleged Bridge of the Standard of Care by Dr. Francis Zayas Under FRCP 26(a)(2)(B) and 26(e)(2)". (Docket No. 93).**

Third party defendant Dr. Zayas filed a third in limine motion to exclude expert witness opinion of defendant/third-party plaintiff United States' (Veterans' Administration) Dr. Juan A. Rosado Matos against Dr. Zayas. (Docket No. 93). Dr. Zayas submits Dr. Rosado Matos, the proposed United States' expert witness, indicated in his report being unable to testify as to the breach of standard of care by Dr. Zayas. A promised amended

report on the issue was never submitted. Thus, the record is clear that Dr. Rosado Matos indicated that, except for the initial report that was prepared and notified, he has no opinion on Dr. Zayas' intervention and possible/probable/definite relation to the patient's demise. More so, no additional report was prepared and notified to third-party defendant Dr. Zayas notwithstanding that interrogatories were sent back in September 2011 and that defendant indicated back then a final report was to be prepared in November of 2011. Such discovery was never provided and third-party defendant Dr. Zayas never received a supplemental or amended report in regards to the malpractice allegation. However, the United States proffered for the first time in the recently filed Joint Proposed Pre-Trial Memorandum (Docket No. 87) that Dr. Rosado Matos will testify, among other things, as to the breach of the standard of care by Dr. Zayas.

Precluding the expert witness' testimony on the issue may significantly hinder defendant's position insofar as the allegations of malpractice by Dr. Zayas. Said preclusion of evidence is not applied as a strictly mechanical exercise for district courts have some discretion in deciding whether or not to impose that onerous sanction. Santiago-Díaz v. Laboratorio Clínico y de Referencia del Este and Sara López, M.D., 456 F.3d 272, 276-77 (1st Cir. 2006); *see, e.g.*, Jackson v. Harvard Univ., 900 F.2d 464, 468-69 (1st Cir.1990). In passing upon a district court's decision to order preclusion, an appellate court considers an array of factors, including "the history of the litigation, the proponent's need for the challenged evidence, the justification (if any) for the late disclosure, and the opponent's ability to overcome its adverse effects." Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2005).

However, the record is clear there has been a violation of discovery rules and lack of timely production of expert witness' report on the issue by defendant United States (Veterans' Administration) as to this expert witness report insofar as third-party defendant Dr. Zayas. Defendant United States totally failed to provide third-party defendant Dr. Zayas a written expert report satisfying the requirements of Fed.R.Civ.P. 26(a)(2)(B), and (3) regarding Dr. Rosado Matos' findings or opinion as to any malpractice by Dr. Zayas. *See* Gay v. Stonebridge Life Ins. Co., 660 F.3d 58 (1st Cir. 2011) (a party seeking to introduce expert testimony at trial must disclose to the opposing party a written report that includes a complete statement of all opinions the witness will express and the basis and reasons for them. Failure to comply with that rule may preclude the party from, "us[ing] that witness or relevant expert information to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless). *See also* Peña-Crespo v. Puerto Rico, 408 F.3d 10 (1st Cir. 2005) (expert report submitted must comply with the requirements of Fed.R.Civ.P. 26).[4]

---

[4] The expert witness did not prepare or submit a written report meeting the requirements of Rule 26(a)(2)(B). Although having submitted, at various times throughout discovery, a series of documents, such disclosures did not satisfy Rule 26(a) which requires: complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. *Id.; see also* Prieto v. Malgor, 361 F.3d 1313, 1317–18 (11th Cir.2004) (noting submitting the expert witness' name is not enough and that each witness must provide a written report containing the information required under Rule 26). A party who fails to disclose the necessary information under Rule 26(a), without substantial justification, is not permitted to present the witness' testimony at trial. Fed.R.Civ.P. 37(c)(1). *See* Peña Crespo, 408 F.3d 13-14.

Insofar as to any testimony regarding an opinion that any malpractice present in the case is related or was caused by third- party defendant Dr. Zayas, the in limine request to exclude Dr. Rosado Matos' testimony is GRANTED.[5]

## CONCLUSION

In view of the foregoing, the Court rules as follows:

(1) Docket Nos. 89 and 95 are DENIED.

(2) Docket Nos. 92 and 94 are DENIED, without prejudice.

(3) Docket No. 93 is GRANTED, insofar as to any testimony regarding an opinion that any malpractice present in the case is related or was caused by third- party defendant Dr. Francis Zayas.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of August of 2012.

---

[5] We note that the in limine request is only addressed to Dr. Rosado Matos' testimony against Dr. Zayas and not as to defendant's expert witness as to plaintiff's malpractice claim against the United States. As such, as to any testimony based on the expert's report already submitted and disclosed, any in limine request as to Dr. Rosado Matos' testimony would be denied.